## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

HELEN McENTIRE,

      Plaintiff,

vs.                                                                          No. CIV 09-0567 JB/LAM

KMART CORPORATION
and KENNETH C. OKWUNWANNE,

      Defendants.

## <u>MEMORANDUM OPINION AND ORDER</u>

**THIS MATTER** comes before the Court on the Plaintiff's Motion to Remand, filed June

11, 2009 (Doc. 10).  The Court held a hearing on December 14, 2009.  The primary issues are: (i)

whether the notice of removal properly alleged facts establishing the Court's jurisdiction over the

case; (ii) whether the notice of removal filed by Defendant Kmart Corp. was timely, even though

it was filed more than 30 days after Defendant Kenneth Okwunwanne was served with process; and

(iii) whether Okwunwanne's joinder and consent to removal were timely.  Because the Court finds

that the notice of removal and Okwunwanne's consent and joinder were both timely filed, the Court

will deny the motion and retain jurisdiction of this case.  The Court will, however, require the

Defendants to submit an amended notice of removal that properly alleges the citizenship of

McEntire and Okwunwanne.  If the Defendants fail to file such an amended notice within ten days

of the issuance of this opinion, the Court will remand the case.

## <u>FACTUAL BACKGROUND</u>

The basis of McEntire's Complaint is the Defendants' alleged negligence in providing her

with the wrong prescription medication, which allegedly caused her physical and emotional injuries.

See Notice of Removal ¶ 4, at 2, filed June 10, 2009 (Doc. 3); Complaint to Recover Damages ¶¶ 8-12, at 2, filed June 10, 2009 (Doc. 3-2)("Complaint").  McEntire asserts that she went to a Kmart pharmacy in Las Cruces, New Mexico, where Okwunwanne was the "pharmacist in charge," to have a prescription refilled.  Complaint ¶¶ 4-8, at 2.  The prescription was for Amlodipine, a blood-pressure medication, but the pharmacist -- either Okwunwanne or someone under his direction -- filled the prescription with Ambien, a tranquilizer.  Id. ¶¶ 9-12, at 2.  As a result, McEntire fell three times, and twice had to be taken by ambulance to the emergency room.  See id. ¶ 13, at 2.

McEntire alleges in her Complaint that she was at all material times a New Mexico resident. See Notice of Removal ¶ 5, at 2; Complaint ¶ 1, at 1.  Kmart alleges that it is a Michigan corporation with its principal place of business in Hoffman Estates, Illinois.  See Notice of Removal ¶ 5, at 2. According to the Complaint, Okwunwanne was a resident of Doña Ana County, New Mexico at all times material to the Complaint.  See Complaint ¶ 3, at 1.  It is undisputed that Okwunwanne works in Las Cruces, New Mexico.  The notice of removal, however, alleges that Okwunwanne is a resident of El Paso, Texas.  See Notice of Removal ¶ 7, at 2.

## PROCEDURAL BACKGROUND

On May 8, 2009, McEntire filed a Complaint to Recover Damages against Kmart and Okwunwanne in the Third Judicial District Court in Doña Ana County, New Mexico.  On the same day that she filed her Complaint, May 8, 2009, Okwunwanne was served in Las Cruces, Doña Ana County with a summons and the Complaint.  See Affidavit of Casey M. DeLeon ¶ 4, at 1, filed June 11, 2009 (Doc. 10-2).  The Certificate of Service incorrectly states that Okwunwanne was served on May 7, 2009, when he was served on May 8, 2009.  See Affidavit of Casey M. DeLeon ¶ 4-5, at 1-2.  Kmart was served with a summons and Complaint by way of CT Corporation Systems in Santa Fe, New Mexico, on May 14, 2009.  See Certificate of Service (dated May 14, 2009), filed June 11,

-2-

2009 (Doc. 10-2).

On June 10, 2009, Kmart filed a notice of removal based on diversity jurisdiction.  <u>See</u> Notice of Removal ¶ 9, at 2, filed June 10, 2009 (Doc. 3).  June 10, 2009 was thirty-three days after Okwunwanne was served, and twenty-seven days after Kmart Corp. was served.  In its notice of removal, Kmart represents that Okwunwanne is a resident of El Paso, Texas.  <u>See</u> Notice of Removal ¶ 7, at 2.  At that time, Kmart provided no evidentiary support for this allegation.  On June 11, 2009 -- thirty-four days after Okwunwanne was served and twenty-eight days after Kmart was served -- Okwunwanne filed his Notice of Consent and Joinder in Removal.  <u>See</u> Doc. 6.

McEntire's counsel contacted the removing counsel for the removing Defendant, Kmart, regarding this motion.  The Defendants oppose this motion.  <u>See</u> Response to Plaintiff's Motion to Remand, filed June 15, 2009 (Doc. 11)("Kmart's Response").  McEntire requests, pursuant to the provisions of 28 U.S.C. § 1447(c), that the Court enter an order remanding this matter to the New Mexico state district court for the Third Judicial District.  <u>See</u> Motion at 7.  McEntire stated that, at the time she filed her motion, she had received no proof that Okwunwanne is domiciled in El Paso.  <u>See</u> Motion at 3.  To its Response, however, Okwunwanne attaches an affidavit in which he states, under oath, that he is a resident of El Paso, Texas, but works in Las Cruces, New Mexico.  <u>See</u> Affidavit of Kenneth Okwunwanne ¶ 1, at 1, filed June 16, 2009 (Doc. 12-2).  In that affidavit, Okwunwanne also states that he was never served with process, either at his home or at his place of work, <u>see id.</u> ¶¶ 3-5, at 1-2, and that he did not immediately know about the lawsuit, <u>see id.</u> at 5-8, at 2.

## RELEVANT LAW REGARDING REMOVAL AND REMAND

A defendant may remove a state civil action "to the district court of the United States for the district and division embracing the place where such action is pending" if the federal district court

has original jurisdiction over the matter.  28 U.S.C. § 1441(a).  The right to removal is a statutory right; and thus the removing defendants must carefully follow all statutory requirements.  See Bonadeo v. Lujan, No. CIV 08-0812 JB/ACT, 2009 WL 1324119, at *9-10 (D.N.M. Apr. 30, 2009).  The removal statutes are strictly construed, and ambiguities should be resolved in favor of remand.  See Shamrock Oil & Gas v. Sheets, 313 U.S. 100, 108-09 (1941); Fajen v. Found Reserve Ins. Co., 683 F.2d 331, 333 (10th Cir. 1982).  "[T]here is a presumption against removal jurisdiction," and doubtful cases must be resolved in favor of remand.  Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir. 1995)(citation omitted).  On the other hand, this strict construction and presumption against removal should not be interpreted as a hostility toward removal cases in the federal courts.  See Bonadeo v. Lujan, 2009 WL 1324119, at *12 ("Strict construction does not mean judicial hostility toward removal.").

1.      **Jurisdiction.**

A defendant may remove a case to federal court only where a federal district court would otherwise have original jurisdiction over the case.  See 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . .").  The removing defendant has the burden of proving original federal jurisdiction by a preponderance of the evidence and of establishing the right to removal.  See McPhail v. Deere & Co., 529 F.3d 947, 953 (10th Cir. 2008)("[A]ccording to this and most other courts, the defendant is required to prove jurisdictional facts by a 'preponderance of the evidence.'"); Karnes v. Boeing Co., 335 F.3d 1189, 1194 (10th Cir. 2003)("[W]e emphasize that the burden is on [the defendant] to show jurisdiction by a preponderance of the evidence."); Chavez v. Kincaid, 15 F. Supp. 2d 1118, 1119 (D.N.M. 1998).  If the defendant's alleged basis of original federal jurisdiction is diversity, the defendant has the burden to establish that diversity exists.  See

McPhail v. Deere & Co., 529 F.3d at 953.  At the point of the filing of the notice of removal, however, the defendant need only state the facts upon which jurisdiction is based.  See Laughlin v. Kmart Corp., 50 F.3d at 873 ("[T]he requisite amount in controversy and the existence of diversity must be affirmatively established on the face of either the petition or the removal notice.")(emphasis added).  In Laughlin v. Kmart Corp., the court found the notice of removal inadequate because it failed to even make reference to an amount in controversy.  See id. ("The notice of removal does not refer to an amount in controversy[.]").

Section 1332 of Title 28 of the United States Code grants the federal district courts original jurisdiction over "civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states."  28 U.S.C. § 1332(a) (emphasis added).  The Supreme Court of the United States has described this statutory diversity requirement as "complete diversity," and it is present only when no party on one side of a dispute shares citizenship with any party on the other side of a dispute.  See Strawbridge v. Curtiss, 7 U.S. 267, 267-68 (1806); McPhail v. Deere & Co., 529 F.3d 947, 951 (10th Cir. 2008)(citing Strawbridge v. Curtis).

For diversity-jurisdiction purposes, citizenship is determined by a person's domicile.  See Crawley v. Glaze, 710 F.2d 776, 678 (10th Cir. 1983).  A person's domicile is defined as the place in which the party has a residence in fact and an intent to remain indefinitely, as of the time of the filing of the lawsuit.  See id.  See also Freeport-McMoRan, Inc. v. KN Energy, Inc., 498 U.S. 426, 428 (1991)(holding that diversity jurisdiction is assessed as of the time the suit is filed); Shaw v. AAA Engineering & Drafting Inc., 138 Fed. Appx. 62, 70 (10th Cir. 2005).  If these elements cannot be established as to any place, the person's domicile is his or her parents' domicile at the person's birth.  See Gates v. C.I.R., 199 F.2d 291, 294 (10th Cir. 1952)("[T]he law assigns to every child at

its birth a domicile of origin.  The domicile of origin which the law attributes to an individual is the domicile of his parents.  It continues until another domicile is lawfully acquired.").  And, while residence and citizenship are not the same, a person's place of residence is *prima facie* evidence of his or her citizenship.  See State Farm Mut. Auto. Ins. Co. v. Dyer, 19 F.3d 514, 520 (10th Cir. 1994).  A corporation, on the other hand, is "deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."  Gadlin v. Sybron Int'l Corp., 222 F.3d 797, 799 (10th Cir. 2000)(quoting 28 U.S.C. § 1332(c)(1))

### 2.   **Time for Removal.**

Section 1446 of Title 28 of the United States Code governs the procedure for removal.  See 28 U.S.C. § 1446(b).  It demands that "[t]he notice of removal . . . be filed within thirty days after the receipt by the defendant . . . of a copy of the initial pleading . . . or . . . after the service of summons . . . if such initial pleading has then been filed in court and is not required to be served . . ., whichever period is shorter."  Id.  Furthermore, at least in cases in which the complaint was not removable as initially filed, a plaintiff must make any diversity-based removal within one year of the commencement of the action.  See id.  The requirement that a defendant timely file the notice of removal is mandatory, though it is not jurisdictional.  See Bonadeo v. Lujan, 2009 WL 1324119, at *6 (citing McCain v. Cahoj, 794 F. Supp. 1061, 1062 (D. Kan. 1992)).  Neither the Supreme Court nor the United States Court of Appeals for the Tenth Circuit, however, has spoken on whether, in a case of more than one defendant, the thirty-day clock for removal begins to run when the first defendant is served or when the last defendant is served.  There appears, however, to be a split among the other federal courts on this issue.  See Day Imaging, Inc. v. Color Labs Enters., LLC, No. 09-CV-02123-DME-MEH, 2009 WL 4884274, at **1-2 (D. Colo. Dec. 11, 2009)(citing cases on both sides of the debate, but declining to pick one and remanding on other grounds).

A majority of judges in the District of New Mexico support the traditional view that the thirty-day removal period begins to run when service of process is accomplished on the first-served defendant.  This rule is referred to as the "first-served rule."  Bonadeo v. Lujan, 2009 WL 1324119, at **6-7 (citing Walter v. Radioshack Corp., No. CIV 02-1001 WJ/LFG, Memorandum Opinion and Order (D.N.M. November 1, 2002); Sugg v. Albuquerque Pub. Sch. Dist., No. CIV 95-1184 LH/DJS, Memorandum Opinion and Order (D.N.M. January 26, 1996); Ramsey v. CSG Security Servs., Inc., No. CIV 95-0888 LH/LCS, Memorandum Opinion and Order (D.N.M. November 8, 1995); ITT Comm'l Credit Corp. v. Hotel Dey Corp., No. CIV 91-0634 M, Memorandum Opinion (D.N.M. September 1991)).   This Court, however, has concluded that "the more modern, 'last-served' rule is more in harmony with the language of the removal statute, and is a more fair and workable rule."  Bonadeo v. Lujan, 2009 WL 1324119, at *10.  "Under that rule, the clock begins running on each defendant to either remove a case or join a removal petition when that defendant receives formal service of process."  2009 WL 1324119, at *10.

**3.    Joinder of Parties.**

The removal statute does not explicitly require that all defendants who have been served in a multi-defendant case must join in the notice of removal.  See Vasquez v. Americano U.S.A., LLC, 536 F. Supp. 2d 1253, 1257 (D.N.M. 2008)(Johnson, J).  Nevertheless, the Tenth Circuit has stated that, where there are multiple defendants, all defendants served at the time of filing must join in the notice of removal.  See Cornwall v. Robinson, 654 F.2d 685, 686 (10th Cir. 1981).  A notice of removal fails if this procedural requirement is not met.  See Cornwall v. Robinson, 654 F.2d at 686.  Courts generally refer to this requirement, that all defendants served at the time of filing must join in the notice of removal, as the "unanimity rule."  McShares, Inc. v. Barry, 979 F. Supp. 1338, 1342 (D. Kan. 1997).  The unanimity rule requires that, "where there are multiple defendants, all

defendants served at the time of filing must join in the notice of removal." Vasquez v. Americano U.S.A., LLC, 536 F. Supp. 2d at 1257.  Courts have also required that, to join a notice of removal, the support must be in writing.  See Henderson v. Holmes, 920 F. Supp. 1184, 1186 (D. Kan. 1996)(citing Roe v. O'Donohue, 38 F.3d 298, 301 (7th Cir. 1994)); 16 J. Moore & G. Vairo, Moore's Federal Practice § 107.11[1][c], at 107-38 (3d ed. 2008).  Some courts, however, "have accepted oral consents directed expressly at the court." Id. § 107.11[1][c], at 107-38 (citing cases).

Most, if not all, courts have declined to require all defendants to sign the same notice of removal.  See Getty Oil Corp., a Div. of Texaco, Inc. v. Ins. Co. of N. Am., 841 F.2d 1254, 1262 n.11 (5th Cir. 1988); McShares, Inc. v. Barry, 979 F. Supp. at 1342; Jarvis v. FHP of Utah, Inc., 874 F. Supp. 1253, 1254 (D. Utah 1995).  Some courts, however, have imposed on the non-removing defendants an additional requirement.  Some courts state that, although all defendants are not required to sign the same notice of removal, each defendant must independently and unambiguously file notice of its consent to join in the removal within the thirty-day period.  See McShares, Inc. v. Barry, 979 F. Supp. at 1254; Jarvis v. FHP of Utah, 874 F. Supp. at 1254.

The United States District Court for the District of Kansas laid out the rationale for this "independent and unambiguous" consent requirement in Henderson v. Holmes, 920 F. Supp. 1184 (D. Kan. 1996):

> There are valid reasons for [the requirement of independent and unambiguous filing of consent].  Without such a filing, "there would be nothing on the record to 'bind' the allegedly consenting defendant." [Getty Oil Corp., a Div. of Texaco, Inc. v. Insurance Co. of N. Am., 841 F.2d at 1262 n.11].  It serves the policy of insuring the unanimity necessary for removal.  Martin Oil Co. v. Philadelphia Life Ins. Co., 827 F. Supp. 1236, 1238 (N.D.W. Va. 1993).  It is consistent with the notion that filing requirements are strictly construed and enforced in favor of remand.  Barger v. Bristol-Myers Squibb Company, 1994 U.S. Dist. LEXIS 2267,*11, 1994 WL 69508, at *2 (D. Kan. Feb. 25, 1994)(No. 93-2485-JWL).  It is not an onerous requirement that unfairly disadvantages defendants or that can be manipulated by the plaintiff.  [Jarvis v. FHP of Utah, Inc., 874 F. Supp. at 1255].  District courts within the Third,

> Fourth, Fifth, Sixth, Seventh, Ninth, Tenth and Eleventh Circuits have endorsed similar requirements. See, e.g., Ogletree v. Barnes, 851 F. Supp. 184, 188-190 (E.D. Pa. 1994)(Third Circuit); Martin Oil Co. [v. Philadelphia Life Ins. Co.], 827 F. Supp. at 1238-39 (and citations therein)(Fourth Circuit); Thompson v. Louisville Ladder Corp., 835 F. Supp. 336, 337 n.3 (E.D. Tex. 1993)(Fifth Circuit); Knickerbocker v. Chrysler Corp., 728 F. Supp. 460, 461-62 (E.D. Mich. 1990)(Sixth Circuit); Fellhauer v. City of Geneva, 673 F. Supp. 1445, 1447-48 (N.D. Ill. 1987)(Seventh Circuit); Ford v. New United Motors, Mfg., Inc., 857 F. Supp. 707, 708 n.3 (N.D. Cal 1994)(Ninth Circuit); [Jarvis v. FHP of Utah, Inc.], 874 F. Supp. at 1254-55 (Tenth Circuit); and Knowles v. Hertz Equipment Rental Co., 657 F. Supp. 109, 110 (S.D. Fla.1987)(Eleventh Circuit).

920 F. Supp. at 1187 n.2. Under this "independent and unambiguous" rule, it is insufficient for the removing defendant, in its notice of removal, to represent that all other defendants consent to removal. See McShares, Inc. v. Barry, 979 F. Supp. at 1342-43 (citing Landman v. Borough of Bristol, 896 F. Supp. 406, 408-09 (E.D. Pa. 1995)). In Spillers v. Tillman, 959 F. Supp. 364 (S.D. Miss. 1997), the court noted that the majority view is that "'mere assertion in a removal petition that all defendants consent to removal fails to constitute a sufficient joinder.'" 959 F. Supp. at 369 (quoting Prod. Stamping Corp. v. Maryland Cas. Co., 829 F. Supp. 1074, 1076 (E.D. Wis. 1993)). "One defendant's attempt to speak on behalf of another defendant will not suffice." Landman v. Borough of Bristol, 896 F. Supp. at 409 (citations omitted).

Similarly, in this district, several judges require more than a representation in the notice of removal by one defendant that it has the consent of all other defendants. See DV v. Bd. of Regents of the N.M. Sch. for the Deaf, No. CIV 09-0420 JB/GBW, Memorandum Opinion and Order at 21-24, filed October 22, 2009 (Doc. 29); Vasquez v. Americano U.S.A., LLC, 536 F. Supp. 2d at 1257. The Honorable Williams Johnson, United States District Judge, requires that "each defendant must independently and unambiguously file notice of its consent to join in the removal within the thirty-day period." Vasquez v. Americano U.S.A., LLC, 536 F. Supp. 2d at 1258 (citing McShares, Inc. v. Barry, 979 F. Supp. at 1342 and Jarvis v. FHP of Utah, Inc., 874 F. Supp. 1253, 1254 (D. Utah

1995)).  Judge Johnson has said: "Defendants who do not sign the actual notice of removal must file an independent and unambiguous notice of consent to join in the removal."  Vasquez v. Americano U.S.A., LLC, 536 F. Supp. 2d at 1259.  This Court has not clearly adopted such a strict requirement. See DV v. Bd. of Regents of the N.M. Sch. for the Deaf, Memorandum Opinion and Order at 21-30; Roybal v. City of Albuquerque, No. CIV 08-181 JB/LFG, 2008 WL 5991063, at **7-8 (D.N.M. Sept. 24, 2008).  Moreover, this Court and Judge Johnson agree that, when the same attorney represents the removing defendant and the defendants whose joinder the notice represents, the removing defendant's representation of the other defendants' consent is sufficient.  See DV v. Bd. of Regents of the N.M. Sch. for the Deaf, Memorandum Opinion and Order at 24 ("The Court is convinced that, because counsel speaks for his client in all other respects during representation, a Notice of Removal that is on behalf of all defendants represented by the signing attorney constitutes sufficient proof that each defendant joins in and consents to removal."); Roybal v. City of Albuquerque, 2008 WL 5991063, at *7; Vasquez v. Americano U.S.A., LLC, 536 F. Supp. 2d at 1527 n.2.

    4.    **Remand.**

    If a defendant has removed a matter to federal court, the plaintiff may challenge the removal by filing a motion to remand in federal district court.  See Caterpillar Inc. v. Lewis, 519 U.S. 61, 69 (1996).  A lack of subject-matter jurisdiction is one ground for such remand, see 28 U.S.C. § 1447(c), and a defect in the removal procedure is another, see Bonadeo v. Lujan, 2009 WL 1324119, at *6 (citing McShares, Inc. v. Barry, 979 F. Supp. at 1341).  A defect in the removal notice or any "[f]ailure to comply with the requirements of § 1446(b) constitutes a 'defect in removal procedure.'" Page v. City of Southfield, 45 F.3d 128, 131 (6th Cir. 1995)(citing In re Cont'l Cas. Co., 29 F.3d 292, 294 (7th Cir. 1994)).  Under 28 U.S.C. § 1447(c), "[a] motion to remand the case on the basis

of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)."  28 U.S.C. § 1447(c).

## ANALYSIS

McEntire raises several arguments in favor of her motion to remand.  First, McEntire contends that the Defendants have failed to provide sufficient evidence to establish Okwunwanne's citizenship, and thus there is no diversity jurisdiction.   See Motion at 3.  McEntire next contends that the notice of removal is also deficient for two reasons: (i) Kmart failed to timely file its notice of removal under the first-served rule, which demands that the notice of removal be filed within thirty days of service on the defendant that is served first; and (ii) Kmart allegedly failed to appropriately and timely obtain consent to removal from Okwunwanne within the thirty-day statutory period, which allegedly ended on June 7, 2009.  See Motion at 3-7.  McEntire argues that any one of these defects, alone, is fatal to removal and necessitates remand.

Kmart responds by arguing first that McEntire waived her right to object to federal jurisdiction by refusing consent to a Magistrate Judge presiding over her case.   See Kmart's Response at 2.  Kmart next asserts that it timely filed its notice of removal under the last-served rule, that it has successfully established diversity jurisdiction, and that Okwunwanne timely filed his consent to removal.  See id. at 2-9.  Okwunwanne filed a separate response, wherein he asserted that he was never properly served with process and joined in Kmart's argument that the Defendants had successfully established diversity jurisdiction.   See Defendant Okwunwanne's Response to Plaintiff's Motion to Remand, filed June 16, 2009 (Doc. 12).  Okwunwanne also attached to his Response an affidavit wherein he testifies that he resides in El Paso, Texas, and works in Las Cruces, New Mexico.  See Affidavit of Kenneth Okwunwanne ¶ 1, at 1.

At the hearing, Mollie C. McGraw, McEntire's attorney, made a number of legal points.  She

asserted that diversity jurisdiction is based on citizenship, and not on residency, and that Okwunwanne asserted only that he was a Texas resident, and not a Texas citizen. <u>See</u> Transcript of Hearing at 3:18-4:4 (taken December 14, 2009)(McGraw)("Tr")("Until this day we do not know defendant Okwunwanne's citizenship.").[1] She then insisted that, under the Tenth Circuit's and the District of New Mexico's precedent, the evidence showing the basis of federal jurisdiction must appear either in the Complaint or in the Notice of Removal, and, because the Defendants did not provide Okwunwanne's affidavit until their response to the motion to remand, they did not timely demonstrate federal jurisdiction. <u>See</u> Tr. at 4:6-18 (McGraw).[2] Her third point was that, even under the last-served rule that this Court prefers, Okwunwanne's consent to removal was made after his thirty-day window for removal had expired, and thus his alleged untimely consent rendered the removal procedurally flawed. <u>See</u> Tr. at 8:14-9:17 (McGraw).

## I.   THE DEFENDANTS HAVE NOT PROPERLY PLED OKWUNWANNE'S OR McENTIRE'S CITIZENSHIP, BUT THE COURT WILL ALLOW AMENDMENT.

Kmart argues that diversity jurisdiction exists because Okwunwanne is a resident of Texas.

---

[1] The Court's citation to the transcript refers to the court reporter's original, unedited version. The final transcript may contain slightly different page and/or line numbers.

[2] Ms. McGraw also rebuked the Defendants' argument that McEntire had consented to federal jurisdiction because they refused to consent to proceeding before the Magistrate Judge. The Court agrees that asking for a district judge to rule on a motion to remand is not an invocation of federal jurisdiction that can result in a waiver of the right to remand. <u>See</u> <u>Silver v. Brown</u>, No. CIV 09-0510 JB/ACT, 2009 WL 5220297, at *23 (D.N.M. Nov. 30, 2009)(Browning, J.)("The rules do not . . . require the Defendants to agree to a Magistrate Judge presiding over their matter, and, indeed, both the Federal Rules of Civil Procedure and the consent form indicate that there will be no adverse consequences for failing to consent."); Fed. R. Civ. P. 71(b)(2)("A district judge, magistrate judge, or other court official may remind the parties of the magistrate judge's availability, but must also advise them that they are free to withhold consent without adverse substantive consequences."); <u>Guide for Pro Se Litigants</u> app. 4 (5th ed. Feb. 2008)(Consent to Proceed/Refusal to Consent to Proceed Before a United States Magistrate Judge, stating "<u>Exercise of this jurisdiction by a U.S. Magistrate Judge is permitted only if all parties consent</u>.")(underlining in original).

McEntire responds that Kmart and Okwunwanne have not provided proof sufficient to carry their burden as to Okwunwanne's citizenship, both because the notice of removal and Okwunwanne's affidavit assert only Okwunwanne's residence -- not his citizenship -- and because the only evidence was submitted in response to a motion to remand, and not in the notice of removal itself. The Court finds that the allegations of the notice of removal are insufficient, but will grant the Defendants leave to amend to cure this formalistic technical defect.

Kmart's notice of removal is almost proper. If Kmart had used the word "citizen" rather than "resident" in paragraphs five and seven of the notice of removal, the Court would find no defect in the notice. Those two defects are sufficient, however, to render the notice of removal defective.

McEntire brought to the Court's attention some recent authority on this issue. McEntire provided the Court with a recent opinion by the Honorable C. LeRoy Hansen, Senior United States District Judge for the District of New Mexico. See Plaintiff's Notice of Supplemental Authority, filed January 5, 2010 (Doc. 25). In Dinkel v. Crane Care, Inc., No. CIV 09-0388 LH/RHS, Memorandum Opinion and Order, filed December 7, 2009 (Doc. 47), Judge Hansen found that the defendants' notice of removal failed to establish diversity jurisdiction because it alleged each individual defendant's state of residence, but did not allege the defendants' respective states of citizenship, as the diversity-jurisdiction statute requires. See Dinkel v. Crane Care, Inc., Memorandum Opinion and Order at 3 (citing Hendrix v. New Amsterdam Cas. Co., 390 F.2d 299, 300 (10th Cir. 1968), and Whitelock v. Leatherman, 460 F.2d 507, 514 (10th Cir. 1972)).

The Court agrees with Judge Hansen's analysis. The Supreme Court and the Tenth Circuit have both stated, repeatedly, that 28 U.S.C. § 1332(a) requires averments of citizenship to establish federal jurisdiction, and that averments of residence will not satisfy that requirement. See Sun Printing & Publishing Ass'n v. Edwards, 194 U.S. 377, 382 (1904)("Had the transcript shown

-13-

nothing more as to the statute of Edwards than the averment of the complaint that he was a 'resident of the state of Delaware,' as such an averment would not necessarily have imported that Edwards was a citizen of Delaware[.]"); <u>Parker v. Overman</u>, 59 U.S. 137, 141 (1855)("In the petition to remove this case from the state court, there was not a proper averment as to the citizenship of the plaintiff in error. It alleged that Parker 'resided' in Tennessee, and White in Maryland. 'Citizenship' and 'residence' are not synonymous terms"); <u>Okland Oil Co. v. Knight</u>, 92 Fed. Appx. 589, 608 (10th Cir. 2003)("We note that the jurisdictional statement contained in plaintiffs' complaint (which was never amended) is technically deficient. Although the citizenship of the corporate plaintiffs is properly alleged, plaintiffs only allege that defendants are residents of Texas, which is insufficient."); <u>Andress v. Deasy</u>, 144 F.3d 1198 (Table), 1997 WL 299294, at *1 (10th Cir. June 5, 1997)("[W]hile the record contains indications of Andress' residence, it contains no allegation as to his state of citizenship.  Andress has failed to establish jurisdiction in federal court."); <u>Whitelock v. Leatherman</u>, 460 F.2d at 514 (holding that, in a complaint or notice of removal, "allegations of mere 'residence' may not be equated with 'citizenship' for the purposes of establishing diversity."); <u>Hendrix v. New Amsterdam Cas. Co.</u>, 390 F.2d 299, 300-01 (10th Cir. 1968)("The jurisdictional allegations of the original petition for removal were defective . . . because citizenship, as distinguished from residence of the plaintiff, was not expressly alleged."); <u>Kelleam v. Maryland Cas. Co.</u>, 112 F.2d 940, 943 (10th Cir. 1940)("Jurisdiction . . . between citizens is based on diversity of citizenship, and an allegation that a party defendant is a resident of a state is not equivalent to an allegation of citizenship in that state.  Such an allegation is insufficient to confer jurisdiction upon the District Court."), <u>rev'd</u> <u>on</u> <u>other</u> <u>grounds</u>, 312 U.S. 377 (1941); <u>Texaco-Cities Serv. Pipe Line Co. v. Aetna Cas. & Surety Co.</u>, 283 F.2d 144, 145 (8th Cir. 1960)("It is diversity of citizenship and not diversity of residence which gives a federal court jurisdiction in a case where

the requisite jurisdictional amount is in controversy."); Kaufman v. W. Union Tel. Co., 224 F.2d 723, 725 (5th Cir. 1955)(noting that, "[i]n all probability the plaintiff being a resident of Texas is also a citizen of that State," but nevertheless requiring the plaintiff to file an amended pleading under 28 U.S.C. § 1653); 28 U.S.C. § 1332(a)(granting jurisdiction over "civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states.").[3]  As to both the Plaintiff, McEntire, and one of the defendants, Okwunwanne, neither the Complaint nor the notice of removal properly allege citizenship.  The Court thus finds that Kmart's notice of removal is defective and cannot support removal jurisdiction.

All is not lost, however, for Kmart.  The Court may permit such procedural errors as Kmart has committed to be remedied by amendment.  The Tenth Circuit stated in Hendrix v. New Amsterdam Cas. Co.:

> The jurisdictional allegations of the original petition for removal were defective . . . because citizenship, as distinguished from residence of the plaintiff, was not expressly alleged.  However, by amendment of the petition with leave of court these deficiencies were remedied, and the amendment related back to the time of the filing of the original petition if they were allowable.

390 F.2d at 300-02 (citing 28 U.S.C. § 1653 and Fed. R. Civ. P. 15(c)).  The Tenth Circuit, as well

---

[3] The Tenth Circuit appears to sometimes move away from the formalistic approach to the diversity-jurisdiction pleading requirements and to allow averments of an individual's residence to satisfy the citizenship/domicile pleading standard.  See Janis v. Story & Assocs., 124 F.3d 216 (Table), 1997 WL 545569, at *3 (10th Cir. 1997)("We do not believe that the references here to Gust Marion's residence rather than his domicile or citizenship are fatal to the district court's determination of no diversity.").  Given that cases subsequent to Janis v. Story & Associates have rejected residence pleadings for jurisdictional purposes, see Okland Oil Co. v. Knight, 92 Fed. Appx. at 608; Martinez v. Martinez, 62 Fed. Appx. at 314, and the fact that the plaintiffs in Janis v. Story & Associates were acting pro se, thus entitling them to more leniency in pleading than is afforded to represented parties, see 1997 WL 545569, at *1, the Court finds that current Tenth Circuit law requires pleadings of citizenship rather than residency.

as other courts, have allowed defendants to remedy defects in their petition or notice of removal, such as to allege citizenship where they had initially alleged the parties' state of residence.  See Corp. Mgmt. Advisors, Inc. v. Artjen Complexus, Inc., 561 F.3d 1294, 1297 (11th Cir. 2009)("If a party fails to specifically allege citizenship in their notice of removal, the district court should allow that party 'to cure the omission,' as authorized by § 1653.")(quoting D.J. McDuffie, Inc. v. Old Reliable Fire Ins. Co., 608 F.2d 145, 146-47 (5th Cir. 1979)); Jenkins v. MTGLQ Investors, 218 Fed. Appx. 719, 723 (10th Cir. 2007)(granting unopposed motion to amend notice of removal to properly allege jurisdictional facts); Cohn v. Petsmart, Inc., 281 F.3d 837, 840 n.1 (9th Cir. 2002)(upholding the district court's decision to treat an opposition to a motion to remand as a motion to amend the notice of removal under 28 U.S.C. § 1653); McMahon v. Bunn-o-Matic Corp., 150 F.3d 651 (7th Cir. 1998)(Easterbrook, J.)(granting a motion to amend notice of removal pursuant to 28 U.S.C. § 1653 to correct improper jurisdictional allegations, including improperly asserting a party's state of residence rather than citizenship); Watkins v. Terminix Int'l Co., Nos. 96-3053, 96-3078, 1997 WL 34676226, at *2 (10th Cir. May 22, 1997)(unpublished)(reminding the defendant that, on remand, it should move to amend the notice of removal to properly allege jurisdictional facts); Lopez v. Denver & Rio Grande W.R.R. Co., 277 F.2d 830, 832 (10th Cir. 1960)("Appellee's motion to amend its petition for removal to supply sufficient allegations of citizenship and principal place of business existing at the time of commencement of this action is hereby granted, and diversity jurisdiction is therefore present.")(citing 28 U.S.C. § 1653); 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts.").  By the Tenth Circuit's citation to 28 U.S.C. § 1653 and rule 15(c), it appears that the courts' power to allow amendments to jurisdictional allegations in petitions and notices of removal rests in its power to allow parties to amend deficiencies in jurisdictional allegations in pleadings.

See Howery v. Allstate Ins. Co., 243 F.3d 912, 919-20 (5th Cir. 2001) ("[W]hen the record establishes the diversity of the parties, but the party asserting federal jurisdiction has failed to specifically plead that the parties are diverse, we allow that party to amend its pleadings to correct for their technical deficiency."); State St. Bank & Trust Co. v. Morderosian, 234 F.3d 1274 (Table), 2000 WL 1568523, at *2 (7th Cir. Oct. 13, 2000)(where jurisdictional allegations were deficient, the court sua sponte "invite[d] the parties to amend their pleadings under 28 U.S.C. § 1653 to establish the jurisdictional details" and gave the parties 10 days to comply); Fed. R. Civ. P. 15(c)("An amendment to a pleading relates back to the date of the original pleading when: . . . (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out -- in the original pleading[.]").  See also Okland Oil Co. v. Knight, 92 Fed. Appx. at 608 (allowing the plaintiffs to amend their federal complaint pursuant to 28 U.S.C. § 1653 to cure the jurisdictional defect caused by alleging residence, rather than citizenship, of the individual parties); Martinez v. Martinez, 62 Fed. Appx. 309, 314 (10th Cir. 2003)(holding, in a non-removal context, that "[p]ursuant to 28 U.S.C. § 1653, this court may permit plaintiff to amend her complaint on appeal to cure defective jurisdictional allegations."); Kaufman v. W. Union Tel. Co., 224 F.2d at 725 (noting defects in the jurisdictional allegations, but proceeding to the merits, ordering the plaintiff to submit an amended pleading pursuant to 28 U.S.C. § 1653).  The Tenth Circuit has further reasoned that disallowing amendments to the notice of removal, even after the thirty-day removal window had expired, when the defendant made simple errors in its jurisdictional allegations, like failing to identify a corporation's principal place of business or referring to an individual's state of residence rather than citizenship, "would be too grudging with reference to the controlling statute, too prone to equate imperfect allegations of jurisdiction with the total absence of jurisdictional foundations, and would tend unduly to exalt form over substance and legal

flaw-picking over the orderly disposition of cases properly committed to federal courts." Hendrix v. New Amsterdam Cas. Co., 390 F.2d at 301. The Court believes that Kmart's notice of removal is procedurally defective only through the strict application of a formalistic rule. The Court thus finds that this case is in the same category of cases to which the Tenth Circuit referred in Hendrix v. New Amsterdam Casualty Co. The Court will thus deny the motion to remand on the condition that Kmart file an amended notice of removal properly alleging the parties citizenship rather than their state of residence.

Assuming that the Defendants amend their notice of removal, they have provided sufficient evidence of Okwunwanne's citizenship.[4]   In response to McEntire's motion to remand, Okwunwanne submitted an affidavit that constituted evidence of his Texas residency and thus evidence of his Texas citizenship. State Farm Mut. Auto. Ins. Co. v. Dyer, 19 F.3d at 520. Because residence is prima facie evidence of citizenship, see id., the Defendants have met their burden of coming forth with some evidence. Thus, while the only evidence of Okwunwanne's citizenship is his affidavit testifying that he is a Texas resident, the preponderance of the evidence falls on the side of finding that Okwunwanne is a Texas citizen -- diverse from McEntire. Moreover, there is no contention that McEntire is not a New Mexico citizen, that Kmart is not a citizen of Michigan and Illinois, or that the amount in controversy is less than $75,000.01. See Laughlin v. Kmart Corp., 50 F.3d at 873 ("The amount in controversy [and, presumably, other jurisdictional facts, are] ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal."); Gadlin v. Sybron Int'l Corp., 222 F.3d at 799 (stating the rule that

---

[4] McEntire does not challenge any other alleged jurisdictional fact. The Court will thus accept the allegations in the notice of removal as to McEntire's citizenship, Kmart's citizenship, and the amount in controversy.

corporations are citizens of their State of incorporation and the State in which they have their principal place of business).  Finally, at the hearing, the Defendants' counsel assured the Court, without any evidence to the contrary, that Okwunwanne is a citizen/domiciliary of Texas.  See Tr. at 15:1-19 (Court, Cravens).  Accordingly, on the condition that Kmart properly amend its notice of removal, the Court concludes that the Defendants have established diversity jurisdiction.

## II.   KMART TIMELY FILED ITS NOTICE OF REMOVAL UNDER THE LAST-SERVED RULE THAT THIS COURT APPLIED IN BONADEO V. LUJAN.

As 28 U.S.C. § 1446(b) states, a defendant must file his notice of removal "within thirty days after the receipt" of the summons and Complaint.  28 U.S.C. § 1446(b).  See Big Sky Network Canada, Ltd. v. Sichuan Provincial Gov't, 533 F.3d 1183, 1185 (10th Cir. 2008) ("Normally, an eligible defendant has thirty days in which to effect removal of its case to federal court."); Bonadeo v. Lujan, 2009 WL 1324119, at **5-6.  McEntire served Okwunwanne with a summons and the Complaint on May 8, 2009.  Kmart was served on May 14, 2009.  Kmart filed its notice of removal on June 10, 2009, thirty-three days after Okwunwanne was served and twenty-seven days after Kmart was served.  McEntire contends that Kmart's removal was procedurally defective because Okwunwanne was served more than thirty days before Kmart filed its notice of removal. Kmart filed its notice of removal more than thirty days after McEntire served Okwunwanne; however, it filed its notice within thirty days after McEntire served Kmart.  Applying the first-served rule to this case, the time for removal from state court ran on June 7, 2009 -- thirty days after Okwunwanne was served.  Applying the last-served rule that this Court applied in Bonadeo v. Lujan, however, Kmart's notice of removal was timely.  See Bonadeo v. Lujan, 2009 WL 1324119, at *10.

McEntire argues for application of the first-served rule.  She insists that Kmart had twenty-four days to file the notice of removal, and thus Kmart was not deprived of the ability to remove

before becoming aware of this case.  See Motion at 4-5 (citing Fagin v. Day, 07-CV-00426 -WDM-MJW, 2007 WL 2990620, at **2-3 (D. Colo. Oct. 11, 2007)).  The court in Fagin v. Day noted, however, that 28 U.S.C. § 1446(b) "requires adoption of neither [the first-served nor the last-served] rule; [the statute] is, in fact, ambiguous.  The phrase 'the defendant' may refer to the first defendant served (even without the word 'first') or may refer to the defendant who files the notice of removal."  Fagin v. Day, 2007 WL 2990620, at *2.  The Court agrees that the statute's language does not provide a clear construction, but the statute certainly does not preclude the last-served rule. Indeed, the Court stated in Bonadeo v. Lujan, "the text is more harmonious with the 'last-served' rule."  Bonadeo v. Lujan, 2009 WL 1324119, at *10.  As the Court has said:

> First of all, the statute give "the defendant" the right to remand, suggesting that it is a right each defendant has.  Second, to adopt the traditional rule, the Court would be required to read language into the statute.  Namely, the phrase "first-served" would have to be implied.  On the other hand, there is no need to imply any new language into the statute to apply the last-served rule.  As the statute states, "the defendant" has thirty days.  28 U.S.C. § 1446(b).  A later-served defendant following the statute literally could reasonably conclude that she has thirty days.  The statute does not alert the later-served defendant to the possibility that its clock began running when earlier-served defendants received service of process.
>
> The Court also finds the policy and practical considerations underlying the "last-served" rule to be more persuasive than the considerations underlying the traditional rule.  The traditional rule is largely rooted in three rationales: (i) the rule of unanimity; (ii) the need to strictly construe removal statutes in favor of remand; and (iii) the policy behind 28 U.S.C. § 1446(b) of ensuring that the question of where a case is to be litigated is determined as soon as possible.
>
> The Court, however, does not see it as self-evident that the last-served rule seriously undermines the three stated policies supporting the first-served rule. Regarding unanimity, if a later-served defendant desires to remove a case, that defendant must still comply with the unanimity requirement. Rather than assuming that earlier-served defendants who declined to remove the case oppose removal, the Court can envision situations where earlier-served parties are indifferent to whether they litigate in a state or federal forum, but where some later-served defendant sees it as important to remove. In such a case, the later-served defendant should still be capable of seeking and obtaining the consent of the other defendants, thus satisfying the unanimity rule.

Bonadeo v. Lujan, 2009 WL 1324119, at *10-11 (internal citations omitted).  The Court continues

to find this analysis persuasive.[5]  None of the authority cited by McEntire has persuaded the Court

otherwise.  The Court therefore finds that Kmart timely filed it notice of removal.

**III.    OKWUNWANNE TIMELY FILED HIS CONSENT TO REMOVAL.**

In multi-defendant cases, each defendant that has been served at the time of removal must

join in and consent to the removal.  See Cornwall v. Robinson, 654 F.2d at 686.  A failure to acquire

that consent, in writing, is a procedural defect requiring remand.  See id.  It is uncontested that

Okwunwanne, in writing, joined in Kmart's notice of removal on June 11, 2009.  See Notice of

Consent and Joinder in Removal, filed June 11, 2009 (Doc. 6).  Furthermore, the notice of removal

alleged that Okwunwanne joined in the removal.  See Notice of Removal ¶ 8, at 2.

McEntire argues that the Okwunwanne's joinder in the removal was untimely, because it was

made more than thirty days after Okwunwanne was served with a summons and Complaint.  See

Motion at 5-7.  There is no statutory language that gives rise to the rule that unanimous consent must

be made, see Bonadeo v. Lujan, 2009 WL 1324119, at *5 (citing 14C C. Wright & A. Miller,

Federal Practice and Procedure § 3731, at 258 (1998)), much less that it must be made within the

---

[5] In at least one other context -- the Private Securities Litigation Reform Act, 15 U.S.C. § 78u-4(b)(2) -- other courts of appeals have construed the phrase "the defendant" to mean "each defendant" -- indicating that when a statute refers to a single defendant, Congress intended that rule to be applied equally to each defendant in multi-defendant cases.  See Winer Family Trust v. Queen, 503 F.3d 319, 335 (3d Cir. 2007)(citing 3 T. Hazen, Treatise on the Law of Securities Regulation § 12.13 (5th ed. 2006)); Makor Issues & Rights, Ltd. v. Tellabs, Inc., 437 F.3d 588, 602-03 (7th Cir. 2006), rev'd on other grounds, 551 U.S. 308 (2007); Phillips v. Scientific-Atlanta, Inc., 374 F.3d 1015, 1018 (11th Cir. 2004)(acknowledging that "the most plausible reading in light of congressional intent is that a plaintiff, to proceed beyond the pleading stage, must allege facts sufficiently demonstrating each defendant's state of mind regarding his or her alleged violations"); Southland Sec. Corp. v. INSpire Ins. Solutions Inc., 365 F.3d 353, 364-65 (5th Cir. 2004).  This statutory construction lends further support for interpreting 28 U.S.C. § 1446(b) as setting forth a thirty-day time limit on removal for each defendant.  See 28 U.S.C. § 1446(b).

same thirty days in which the first-served defendant must file his notice of removal.  Such a rule would be inconsistent with the last-served rule adopted by this and other courts.  As the Court observed in <u>Bonadeo v. Lujan</u>:

> Rather than assuming that earlier-served defendants who declined to remove the case oppose removal, the Court can envision situations where earlier-served parties are indifferent to whether they litigate in a state or federal forum, but where some later-served defendant sees it as important to remove.  In such a case, the later-served defendant should still be capable of seeking and obtaining the consent of the other defendants, thus satisfying the unanimity rule.

2009 WL 1324119, at *11.  If the last-served defendant had thirty days to file its notice of removal, yet it must get consent from the other defendants within thirty days of when those defendants were served, the last-served rule would effectively become the first-served rule.  The Court therefore finds that consent of other defendants must merely be collected within the thirty days after the removing defendant receives service of process.  In this case, Kmart was served on May 14, 2009.  It therefore had until June 15, 2009 to collect the consent and joinder of its co-defendant, Okwunwanne.[6]

Even under a more stringent rule, the Court would find that Okwunwanne's joinder and consent to removal is timely.  When the same attorney represents multiple defendants, one defendant, through that attorney, can file a notice of removal, and state that the other defendant joins in and consents to that removal.  The same attorney represents both Kmart and Okwunwanne, <u>see</u> Tr. at 7:11-13 (McGraw)("Another very important difference is that both defendants in this case are represented by the same counsel."), and the notice stated that "Defendant Okwunwanne concurs in the removal of this case to the United States District Court," Notice of Removal ¶ 8, at 2.  Thus, at

---

[6] Thirty days from May 14, 2009 is June 13, 2009.  June 13, 2009, however, falls on a Saturday.  The next day that is not a Saturday, Sunday, or legal holiday is Monday, June 15, 2009. <u>See</u> Fed. R. Civ. P. 6(a)(1)(C) (in calculating a period of time, "if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.").

the same moment that Kmart sought removal, in compliance with the unanimity rule, Okwunwanne joined in the removal.  Okwunwanne has thus joined in the notice of removal at the first reasonable opportunity, and the Defendants have thus satisfied the unanimity rule.

**IT IS ORDERED** that the Plaintiff's Motion to Remand is denied.  The Defendants must, however, amend their notice of removal to properly aver the parties' citizenship rather than their states of residence.  If the Defendants have not so amended and re-filed their notice of removal within ten days from the issuance of this opinion, the Court will issue a <u>sua</u> <u>sponte</u> order remanding the case to the Third Judicial District Court in Doña Ana County, New Mexico.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Lawrence M. Pickett
Mollie C. McGraw
The Pickett Law Firm, LLC
Las Cruces, New Mexico

  *Attorneys for the Plaintiff*

P. Scott Eaton
Eaton Law Office, PC
Albuquerque, New Mexico

  *Attorney for the Defendant*